UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TORIANO GERMAINE HUDSON, <br> Petitioner, <br> v. <br> M. SEXTON, <br> Respondent. | Case No. 17-cv-04373-EMC <br><br> **ORDER SETTING BRIEFING SCHEDULE** |

## I. INTRODUCTION

Toriano Germaine Hudson filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his 2015 conviction from the Contra Costa County Superior Court. Respondent has moved to dismiss the petition on the ground that state court remedies have not been exhausted for one of Mr. Hudson's claims. Mr. Hudson conceded in his opposition that he had not exhausted state court remedies for that claim. *See* Docket No. 12 at 5. Shortly after Respondent filed his motion to dismiss was filed, Mr. Hudson filed a second action for writ of habeas corpus (Case No. 17-cv-6823), alleging additional claims regarding the 2015 conviction. This order sets a briefing schedule for amending the petition and any opposition thereto.

## II. BACKGROUND

Mr. Hudson was convicted in Contra Costa County Superior Court of driving under the influence causing injury, driving with a blood-alcohol level of 0.08% or greater, leaving the scene of an injury accident, and hit-and-run driving. The jury found true the allegations that the first three offenses had caused great bodily injury. At a bench trial, the court found true that Mr. Hudson had suffered prior convictions. On July 31, 2015, Mr. Hudson was sentenced to a total of 35 years to life in prison. Docket No. 9-2 at 10-11.

He appealed. The California Court of Appeal affirmed the judgment of conviction and the California Supreme Court denied his petition for review.

Mr. Hudson then filed this action, which originally was assigned to a magistrate judge. In his petition for writ of habeas corpus, Mr. Hudson asserted three claims: (1) his sentence should not have been enhanced for causing great bodily injury because he did not have the requisite specific intent; (2) his Sixth Amendment right to counsel was violated; and (3) the trial court violated his right to counsel by denying his motion to substitute appointed counsel. The Court (per Magistrate Judge Corley) noted that the second and third claims appeared to be part of the same claim, and ordered Respondent to show cause why the petition should not be granted. Docket No. 4 at 2.[1]

Respondent moved to dismiss the petition, arguing that state court remedies have not been exhausted for the first claim in the petition. Mr. Hudson conceded in his opposition that the first claim had not been exhausted, and blamed his appellate counsel for failing to raise the claim on direct appeal.

While the motion to dismiss was pending in this action, Mr. Hudson filed a second action for writ of habeas corpus, *Hudson v. Santoro*, Case No. 17-cv-6823. In his petition in that action, he alleged three claims: (a) the trial court erroneously concluded that, because he was competent to stand trial, he could represent himself; (b) he was not mentally competent to stand trial; and (c) the trial court erred by denying his *Marsden* motion. Docket No. 1 at 5 in Case No. 17-cv-6823. Mr. Hudson also wrote in his petition in that action that his "previous writ has unpresented grounds without exhausted remedies. This one has only the issues that [were] raised on appeal. I'll refile previous writ in Supreme Court." *Id.* at 5-6.

As required by Ninth Circuit precedent, *see Woods v. Carey*, 525 F.3d 886, 889 (9th Cir.

---

[1] Mr. Hudson never objected to, or disagreed with, that characterization. If Mr. Hudson objects to, or disagrees with, the observation that Claims 2 and 3 are part of the same claim, he must in his second amended petition plead them as separate claims and allege facts showing the basis for each of the claims to show that they are separate claims. (The Court notes that only one denial-of-counsel claim was presented in Mr. Hudson's petition for review, and that claim was that the denial of the *Marsden* motion was improper because there was a complete breakdown in the attorney-client relationship.)

2

2008), this Court construed the filing in Case No. 17-cv-6823, to be a motion to amend the petition in the present action (i.e., in Case No. 17-cv-4373). This court thus dismissed Case No. 17-cv-6823, and directed the clerk to place a copy of the petition from Case No. 17-cv-6823 in the Case No. 17-cv-4373, where it would be treated as a motion to amend the petition in Case No. 17-cv-4373.

Transforming the petition from Case No. 17-cv-6823 into a motion to amend in Case No. 17-cv-4373, as required to by *Woods*, leads to a rather confused state of the pleadings. This is so because some of the claims in the two actions are different and the general rule is that a later pleading supersedes an earlier pleading. Adding to the confusion is Mr. Hudson's statement that he intends to "refile [a] previous writ." Quite simply, the Court is uncertain as to exactly what claims for habeas relief Mr. Hudson wants to present to this Court. In order to clarify the situation, Mr. Hudson must file a second amended petition that contains *all* of the claims for habeas relief he wants to present to this Court. He will be able to prepare that second amended petition knowing that this is the one and only action in which he will be able to seek federal habeas relief and therefore his second amended petition must contain all of his claims. Once he files that second amended petition, the Court will be able to understand the full scope of his action for federal habeas relief. Additionally, once Mr. Hudson files that second amended petition, Respondent will have an opportunity to oppose the motion to amend and assert any procedural challenges (such as untimeliness and nonexhaustion) to the second amended petition or any claims therein.

### III. CONCLUSION

No later than **May 11, 2018**, Mr. Hudson must file a second amended petition containing all of the claims for habeas relief that he wants this Court to consider. The Court will treat the second amended petition as also including a motion to file a second amended petition. Any claim not contained in that second amended petition will be deemed abandoned. No later than **June 8, 2018**, Respondent must file and serve any opposition to the motion to amend. No later than **June 22, 2018**, Mr. Hudson must file and serve any reply in support of his motion to amend and second amended petition.

3

After the second amended petition is filed and any opposition thereto considered, the Court will decide whether and how to resolve the motion to dismiss that Respondent has filed.

**IT IS SO ORDERED.**

Dated: April 11, 2018

_____
EDWARD M. CHEN
United States District Judge